**Benjamin Henderson JONES, Plaintiff,**

v.

**The EMPLOYEES (PAST, PRESENT, FUTURE), OFFICERS, AGENTS, ATTORNEYS, PROXIES, INVESTORS, AND AFFILIATES OF the "SOUTHERN RAILROAD AND the NORFOLK AND WESTERN RAILROAD (RAILWAY)", Defendants.**

Civ. A. No. 95–0432–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

May 4, 1995.

Benjamin H. Jones, State Farm, VA, Pro Se.

### MEMORANDUM OPINION

TURK, District Judge.

BENJAMIN HENDERSON JONES, a Virginia inmate proceeding *pro se*, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff sues "The employees (past, present, future), officers, agents, attorneys, proxies, investors, and affiliates of the Southern Railroad and The Norfolk and Western Railroad (Railway)". He alleges that

> A Robert Thompson and others who were employed by me conspired together and falsified papers and sold (committed conversion) my company, "The Southern Railroad" to the investor, shareholders, owners of the Norfolk and Western Railroad. This was done in 1987; by 1989, the crime(s) was/were complete in its/their first stages.

He seeks to recover his constitutional rights, to have a court hearing and jury trial for "Escheat," to issue subpoena duces tecums to defendants and to recover his costs and fees.

■ Upon consideration of the complaint and affidavit of poverty accompanying the complaint, the court is of the opinion that the complaint should be filed *in forma pauperis* and that the action should be dismissed as frivolous under 28 U.S.C. § 1915(d). A complaint filed *in forma pauperis* may be dismissed under this section if it is based on "indisputably meritless legal theories" or "clearly baseless" factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ Without comment on the impossibility of service of process which plaintiff's claims present, the probability that the claims are barred under the applicable statute of limitations or the questionable identity of plaintiff as the former owner of the Southern Railroad Company, the court finds no basis for jurisdiction under § 1983. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). First, plaintiff has not alleged any respect in which the thousands of defendants were acting under color of state law when they committed

the alleged conduct of stealing his company. Indeed, he does not indicate how present or future employees, agents, etc. of Norfolk–Southern had any involvement whatsoever in events which occurred in 1987. Unless the defendants were acting under color of state law, they cannot be held liable for anything under § 1983. *Id.*

Second, even assuming that some of the defendants were somehow acting under color of state law, at the very most, plaintiff's allegations reflect a claim for an intentional deprivation of property by a state official. Under any set of circumstances, and construing plaintiff's allegations under all conceivable legal theories, the Court is of the opinion that the claim fails to set forth a viable cause of action under § 1983. Plaintiff alleges no more than an intentional taking of property; however, "an intentional ... deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Inasmuch as plaintiff possesses tort remedies under Virginia state law, *see* Virginia Code § 8.01–195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in the instant case.

Finally, the court must find that plaintiff's claims are of the clearly delusional sort appropriately dismissed as frivolous under § 1915(d). *Neitzke, supra.* An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

### ORDER

In accordance with the written Memorandum Opinion entered this day, it is hereby

### ADJUDGED AND ORDERED

that this action be filed *in forma pauperis* and dismissed without prejudice pursuant to 28 U.S.C. § 1915(d).